# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION** | **MDL NO 2924** <br> **20-MD-2924** |
| **THIS DOCUMENT RELATES TO:** | **JUDGE ROBIN L ROSENBERG** |
| **MILTON COLLAZO MATO - 21-1129** | **MAGISTRATE JUDGE BRUCE REINHART** |
| _____ <br> **(Plaintiff Name(s))** | **JURY TRIAL DEMANDED** |

## SHORT-FORM COMPLAINT

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Master Personal Injury Complaint ("MPIC") *in In re: Zantac (Ranitidine) Products Lability Litigation*, MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint as permitted by Pretrial Order No. 31.

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

### A. PLAINTIFF(S):

1. Plaintiff(s) Milton Collazo Mato.

("Plaintiff(s)") brings this action (check the applicable designation):

On behalf of [himself/herself];

2. Injured Party is currently a resident and citizen of (City, State) Coamo, Puerto Rico and claims damages as set forth below.

### B. DEFENDANT(S):

3. Plaintiff(s) name(s) the following Defendants from the MPIC in this action:

#### a.   Brand Manufacturers:

1) GlaxoSmithKline LLC (GSK), and the GSK related Defendants GlaxoSmithKline (America) Inc. and GlaxoSmithKline PLC;

2) Boehringer Ingelheim Corporation (BI), and the BI related Defendants Boehringer Ingelheim International GmbH, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Promeco, S.A. de C.V. and Boehringer Ingelheim USA Corporation;

3) Pfizer Inc.;

4) Sanofi US Services Inc. (Sanofi), and all the Sanofi related Defendants Sanofi S.A., Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC;

#### b.   Generic Manufacturers:

5) ACIC Pharmaceuticals Inc. (Acic), and the Acic related Defendant Methapharm, Inc.;

6) Ajanta Pharma USA Inc. (Ajanta) and the Ajanta related Defendant Ajanta Pharma Ltd.;

7) AmerisourceBergen Corporation (AmerisourceBergen), and the AmerisourceBergen related Defendant AmeriSource Health Services LLC d/b/a American Health Packaging;

8) Amneal Pharmaceuticals LLC (Amneal), and the Amneal related Defendants Amneal Pharmaceuticals of New York, LLC and Amneal Pharmaceuticals, Inc.;

9) ANDA Repository LLC;

10) Ani Pharmaceuticals, Inc.;

11) Apotex Corporation (Apotex), and the Apotex related Defendant Apotex, Inc.;

12) Appco Pharma LLC;

13) Pharma USA, Inc. (Aurobindo), and the Aurobindo related Defendants Auro Health LLC and Aurobindo Pharma, Ltd.;

14) Contract Pharmacal Corp.;

15) Dr. Reddy's Laboratories Inc. (Dr. Reddy's), and the Dr. Reddy's related Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories SA;

16) Geri-Care Pharmaceuticals, Corp.;

17) Glenmark Pharmaceuticals, Inc. (Glenmark), and the Glenmark related Defendant Glenmark Generics Ltd.;

18) Granules USA, Inc. (Granules), and the Granules related Defendant Granules India, Ltd.;

19) Heritage Pharma Labs Inc. (Heritage), and the Heritage related Defendants Heritage Pharmaceuticals, Inc. and Emcure Pharmaceuticals Ltd.;

20) Hikma Pharmaceuticals USA, Inc. (Hikma) f/k/a West-Ward Pharmaceuticals Corp. and all the Hikma related Defendant Hikma Pharmaceuticals International, Ltd. f/k/a West-Ward Pharmaceuticals International, Ltd.;

21) Hi-Tech Pharmacal Co., Inc.;

22) J B Chemicals and Pharmaceuticals Ltd. (JB Chemicals), and the JB Chemicals related Defendant Unique Pharmaceutical Laboratories, Ltd.;

23) Lannett Co., Inc.;

24) Mylan Pharmaceuticals, Inc. (Mylan), and the Mylan related Defendants Mylan Institutional LLC, Mylan, Inc., and Mylan Laboratories Ltd.;

25) Nostrum Laboratories Inc.;

26) Novitium Pharma LLC;

27) PAI Holdings, LLC f/k/a Pharmaceutical Associates, Inc.;

28) Par Pharmaceutical, Inc.;

29) L. Perrigo Co. (Perrigo), and the Perrigo related Defendants Perrigo Company, Perrigo Research & Development Company, and Perrigo Company, PLC;

30) Sandoz, Inc.;

31) Strides Pharma, Inc. (Strides), and the Strides related Defendants Strides Pharma Global Pte. Ltd., and Strides Pharma Science Ltd.;

32) Taro Pharmaceuticals U.S.A., Inc. (Taro), and the Taro related Defendants Ranbaxy Inc., Sun Pharmaceutical Industries, Inc., f/k/a Ranbaxy Pharmaceuticals Inc. and Sun Pharmaceutical Industries Ltd.;

33) Teva Pharmaceuticals U.S.A., Inc. (Teva), and the Teva related Defendants Actavis Mid Atlantic LLC, Watson Laboratories, Inc. and Teva Pharmaceutical Industries Ltd.;

34) Torrent Pharma Inc.;

35) VKT Pharma Inc. (VKT), and the VKT related Defendants VKT Pharma Private Ltd.;

36) Wockhardt USA LLC (Wockhardt) and the Wockhardt related Defendants Wockhardt USA, Inc. and Wockhardt, Ltd.;

37) Zydus Pharmaceuticals (USA) Inc. and Defendant Cadila Healthcare Ltd. (together Zydus-Cadila);

    **c.    Distributors:**

38) Amerisource Bergen Corporation;

39) Cardinal Health, Inc.;

40) Chattem, Inc.;

41) McKesson Corporation;

### d. Retailers:

42) Any and all Retailer Defendants identified and sued in the MPIC that directly or indirectly retailed Zantac or ranitidine to the Plaintiff within the territory of Puerto Rico, and in particular,

43) Walgreens Co. (Walgreens), and the Walgreens related Defendants Duane Reade, Inc. and Walgreens Boot Alliance, Inc.;

### e. Repackagers:

44) Any and all Repacker Defendants identified and sued in the MPIC that directly or indirectly repacked the Zantac or ranitidine sold to the Plaintiff within the territory of Puerto Rico, and including, the following,

45) Denton Pharma Inc. d/b/a Northwind Pharmaceuticals;

46) Golden State Medical Supply, Inc. (GSMS); and

47) Precision Dose Inc.

### f. Other Distributors Not Named in the MPIC:

None.

## C. JURISDICTION AND VENUE

4. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]: <u>United States District court for the district of Puerto Rico.</u>

5. Jurisdiction is proper upon diversity of citizenship.

## II. PRODUCT USE

6. The Injured Party used Zantac and/or generic ranitidine: [Check all that apply]:

    a. By prescription __X__

    b. Over the counter __X__

7. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) 2014 to 2019.

### III. PHYSICAL INJURY

8. As a result of the Injured Party's use of the medications specified above, [he/she] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| | BLADDER CANCER | |
| | BRAIN CANCER | |
| | BREAST CANCER | |
| | COLORECTAL CANCER | |
| | ESOPHAGEAL/THROAT/NASAL CANCER | |
| | INTESTINAL CANCER | |
| | KIDNEY CANCER | |
| | LIVER CANCER | |
| | LUNG CANCER | |
| | OVARIAN CANCER | |
| | PANCREATIC CANCER | |
| X | PROSTATE CANCER | **10/06/2019** |
| | STOMACH CANCER | |
| | TESTICULAR CANCER | |
| | THYROID CANCER | |
| | UTERINE CANCER | |
| | OTHER CANCER: | |
| | DEATH (CAUSED BY CANCER) | |

9. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

## IV. CAUSES OF ACTION ASSERTED

10. The following Causes of Action asserted in the Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| **X** | I | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| **X** | II | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| **X** | III | STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT |
| **X** | IV | NEGLIGENCE – FAILURE TO WARN |
| **X** | V | NEGLIGENT PRODUCT DESIGN |
| **X** | VI | NEGLIGENT MANUFACTURING |
| **X** | VII | GENERAL NEGLIGENCE |
| **X** | VIII | NEGLIGENT MISREPRESENTATION |
| **X** | IX | BREACH OF EXPRESS WARRANTIES |
| **X** | X | BREACH OF IMPLIED WARRANTIES |
|  | XI | VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS and specify the state's statute below: _____ |
| **X** | XII | UNJUST ENRICHMENT |
|  | XIII | LOSS OF CONSORTIUM |
|  | XIV | SURVIVAL ACTION |
|  | XV | WRONGFUL DEATH |
| **X** | XVI | OTHER: MENTAL ANGUISH AND EMOTIONAL DISTRESS |
| **X** | XVII | OTHER: STATUTORY COSTS AND ATTORNEY'S FEES |

**Additional facts supporting the Count XVI claim(s):**

7

**MENTAL ANGUISH AND EMOTIONAL DISTRESS**

As direct consequence of the Defendant negligent acts and/or omissions of and her resultant physical pains, injuries and disabilities, the Plaintiff(s) has (have) been suffering and will continue to suffer for an indeterminate period of time from severe mental anguish and emotional distress, including irritability, anxiety, depression, insomnia and other related symptoms; and, she sustained a loss of happiness and the capacity to enjoy life. For these damages Plaintiff(s) is (are) entitled to compensatory damages in such amount to be determined at trial.

**Additional facts supporting the Count XVII claim(s):**

**STATUTORY COSTS AND ATTORNEY'S FEES**

The Puerto Rico Rule 44.1 governing costs and attorney's fees is substantive in nature. Pursuant to T. 32 App. V, § 44.1, the costs will be awarded to the party in whose favor the lawsuit is resolved.

In addition, Defendants have denied liability forcing the Plaintiff(s) to continue to prosecute the liability claims against them. As a result thereof, Rule 44.1 in its judgement the court shall order the Defendants to pay a sum in the form of a attorney's fee in the amount of 33% of the aggregate of all compensatory damages.

**V. JURY DEMAND**

11.   Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

**VI. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

**I HEREBY CERTIFY** that I have filed this Motion through the CM/ECF that will notify a true copy to all counsel of record.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 19th day of March, 2021.

s/ **Eric Quetglas-Jordán**
**Eric Quetglas-Jordán**
QuetglasLaw@gmail.com
USDC-PR #202514
RUA - #8284

**QUETGLAS LAW OFFICE, P.S.C.**
1353 Luis Vigoreaux Ave.
PMB 669
Guaynabo, PR 00966
Tel. (787) 722-0635
https://www.facebook.com/EricQuetglasJordan/

**Counsel for Plaintiff(s)**